UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX CHUQUIMARCA CARGUACHI,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-06886-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 6)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 6.) Specifically, the magistrate judge concluded that petitioner had been denied the right to request a custody re-determination hearing before an Immigration Judge ("IJ") since July as mandated by 8 U.S.C. § 1226(a), which constitutes a due process violation. (*Id.* at 2.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days after service. (*Id.* at 3.) On September 11, 2026, respondent filed objections to the findings and recommendations. (Doc. No.

7.) Therein, respondent argues that petitioner was denied the procedural protections mandated by § 1226(a) because petitioner failed to request a custody re-determination hearing before an IJ. (*Id.* at 1.)

The undersigned has previously explained that failure to comply with the procedures set forth in § 1226(a) and its implementing regulations renders the detention of a noncitizen who is subject to that statutory provision unlawful. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) ("In other words, failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements."). Those procedures require the government to "make an individualized custody determination before detaining the person." *J.T.G. v. Genalo*, No. 26-cv-04521-AT, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026).

Here, in opposing the petition, respondent has attached petitioner's I-213, a notice to appear, and an arrest warrant. (Doc. No. 5-1 at 1–9.) From the court's review of this documentation, there is no indication that petitioner was provided with an initial custody determination or served a Form I-286, which provides the formal mechanism for requesting a custody re-determination once the government makes the initial decision to detain a noncitizen. *Angeles-Pena v. Blanche*, No. 2:26-cv-02154-RFB-EJY, 2026 WL 2280939, at *10 (D. Nev. Aug. 7, 2026) ("The Form I-286 is especially significant because it is served on the detainee at the outset of their detention and supplies them with a formal mechanism to immediately request a custody *redetermination* hearing—*i.e.*, a bond hearing.") (footnote omitted). Respondent also does not argue that petitioner was provided with an initial custody determination. In light of the absence of any documentation or argument to the contrary, the court concludes that petitioner was never provided with an initial custody determination, which serves "as a basis for an order requiring the release of petitioner." *Zurita Navarro*, 2026 WL 2294963, at *2; *see also J.T.G. v. Genalo*, No. 26-cv-04521-AT, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026) (finding that procedural due process requires compliance with 8 U.S.C. § 1226(a) when detaining the

petitioner under that authority and that detention which was "unlawful from the outset" due to the failure to perform an initial custody determination cannot be cured by a belated custody determination); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) ("Mr. Lopez Benitez asserts, and this Court agrees, that he was denied due process when ICE detained him on July 16, 2025, without first conducting an individualized assessment as to his dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion."). It is unclear how petitioner would even be able to request a custody re-determination hearing if he was never provided with an initial custody determination. *Chipantiza-Sisalema v. Francis*, No. 25 CIV. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (noting that custody re-determination hearings "are provided for the purpose of custody *re*-determination—a hearing held by an immigration judge after ICE makes its initial decision to detain."). The court therefore concludes that the magistrate judge correctly determined that petitioner's detention is unlawful and rejects respondent's objections to those findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on September 10, 2026 (Doc. No. 6) are ADOPTED;
2. Petitioner's petition for writ of habeas corpus is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Alex Chuquimarca Carguachi, A-File No. 221-056-314, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE